UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. GAINES, | ) | CASE NO. 1:08CV648 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | |
| BENNIE KELLY, Warden, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

This matter is before the Court upon a petition for a writ of *habeas corpus* filed by Anthony L. Gaines ("Petitioner"), pursuant to 28 U.S.C. § 2254. (Dkt. # 1).

On March 14, 2008, this case was automatically referred to Magistrate Judge Nancy A. Vecchiarelli for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636 and LR 72.1. On September 15, 2008, the Magistrate Judge issued a report and recommendation, recommending that the Court deny the instant petition because Petitioner has failed to show that the decisions of the state trial court and appellate court were contrary to, or involved an unreasonable application of, clearly established federal law. (Dkt. # 9).

Petitioner has timely filed objections to the Magistrate Judge's Report and Recommendation. (Dkt. # 10). Specifically, Petitioner objects to the Magistrate Judge's finding that Petitioner's due process rights were not violated by the state trial court's failure to order a mistrial because of the admission of evidence from which the jury could infer that Petitioner had previously served time in prison, nor by the state appellate

court's decision to affirm Petitioner's conviction. The Court has reviewed Petitioner's objections and finds that they are without merit.

As the Magistrate Judge correctly noted, this Court may grant relief under 28 U.S.C. § 2254 only where a state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or where such decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). What constitutes clearly established federal law for purposes of § 2254 is determined by the holdings of the United States Supreme Court. Ruimveld v. Burkett, 404 F.3d 1006, 1010 (6th Cir. 2005). Thus, where a state court decision is not contrary to, or an unreasonable application of, a holding of the Supreme Court, federal *habeas corpus* relief is not available.

Petitioner argues that the trial court erred by not declaring a mistrial based upon the admission of eleven letters Petitioner had written to the decedent in his state murder case, from which jurors inferred that Petitioner had previously spent time in prison. While all direct references to Petitioner's prior incarceration were redacted, the remaining portions of the letters apparently led jurors to send a question to the trial court during deliberations, inquiring as to the length of Petitioner's 2001 prison sentence. According to Petitioner, the admission of the letters which allowed for such an inference violated due process and should have resulted in a mistrial.

"A state court evidentiary ruling will be reviewed by a federal *habeas* court only if it were so fundamentally unfair as to violate the petitioner's due process rights."

Coleman v. Mitchell, 244 F.3d 533, 542 (6th Cir. 2001).  The Sixth Circuit has explicitly noted that "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence."  Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003).  Rather, clearly established federal law, as determined by the Supreme Court, dictates that a state court evidentiary ruling may violate due process only where such ruling "offend[s] some principle of justice so deeply rooted in the traditions and conscience of our people as to be ranked as fundamental."  Montana v. Egelhoff, 518 U.S. 37, 43 (1996) (quoting Patterson v. New York, 432 U.S. 197, 201-202 (1977)).

As the Magistrate Judge correctly observed, Petitioner's argument is essentially that the jurors inferred from admitted evidence that Petitioner had previously spent time in prison.  There is no allegation that the jurors considered evidence outside the record, nor that they made any extraordinary efforts to discover redacted information.  In Benjamin v. Fischer, 87 Fed.Appx. 761 (2nd Cir. 2004), upon which Petitioner relies heavily, jurors discovered and considered information that had been redacted in order to prevent its admission into evidence.  The Second Circuit, noting that "if a jury learns facts about a defendant's bad character or uncharged crimes *from materials outside the evidence*, due process may well have been denied," determined that the jurors' exposure to such materials rendered the petitioner's trial fundamentally unfair.  Id. at 762-63 (emphasis added).  In the instant case, however, jurors did not learn facts about Petitioner's prior prison service from materials outside the evidence.  Rather, they drew

inferences from materials that were part of the record.  The instant case is thus distinguishable from Benjamin.

Furthermore, once it became aware that the inference may have been made from the evidence, the trial court admonished the jurors and prohibited them from presuming, surmising, or considering that Petitioner had previously been incarcerated.  See Dowling v. United States, 493 U.S. 342, 353 (1989) (considering trial court's limiting instruction regarding prior bad act evidence in rejecting claim of constitutional error).

Because the admission of the letters did not violate due process, neither the trial court's decision not to declare a mistrial, nor the state appellate court's decision to affirm Petitioner's conviction, entitles Petitioner to *habeas* relief under 28 U.S.C. § 2254.

The Court has reviewed the report and recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported.  Petitioner's objections are without merit.  Therefore, the Report and Recommendation of Magistrate Judge Vecchiarelli (Dkt. # 9) is hereby **ADOPTED**, and Petitioner's petition for a writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED**.

**/s/ Peter C. Economus – November 6, 2008**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**